Thank you, Judge. May it please the Court, Armin Skolnowsky for Petitioner Huangsheng Lin. I'd like to request two minutes for rebuttal. Keep track of your own time, please. Thank you, Judge. Despite the dissent's concern in this case, this case is a pre-Real ID Act case. And that's important because with pre-ID Act credibility determinations, if the IJ finds the respondent or petitioner credible, it's presumed that everything he says is true. So in this case, he was found credible on a pre-Real ID Act case. Everything that's been said is true. The other issue now is well-funded fear. In this case, it's very similar to the Jiang case. The only difference being that in Jiang, the applicant was detained. But there are similarities otherwise. There was a huge fine. Petitioner's wife was forced to have an abortion. Prior to that, she was forced to insert an IUD. And the government in China had requested that or demanded that either her or him get sterilized. So in Jiang, the court did find that the petitioner suffered past persecution. In this case, we would find the same way, that in the cumulative, what Mr. Lin suffered in China is similar to Jiang. And therefore, past persecution must apply. As to the issue of well-founded fear, as the court knows, the immigration, sorry, the BIA found that the immigration judge committed clear error in one of his fact-finding analysis. The judge said that the respondent had no difficulty or suffered no difficulties between 1999 and 2004. However, that wasn't the case. When the authorities aborted the child of his wife, they said that either he or she needs to be sterilized. He basically goes into hiding for three and a half years. Therefore, he was never sterilized. However, he was hiding, trying to avoid authorities during this entire time period, thus there was difficulty. So we, as well as dissent, argued that this case should be sent back for improper fact-finding on the BIA's part. And we find that that's the case here. As a matter of fact, even if you read the decision, the BIA makes errors in their decision. They say that. That's an alternative argument you're advancing. Which one? That it should be sent back for improper fact-finding. Right. That's an alternative argument, correct. However, we would find that, based on his credible testimony, he testified that, if I go back, I will be sterilized, or she will be sterilized. And the only reason why she wasn't sterilized is because she told the authorities, I'm by myself, I have no husband here, it's a very conservative society, and I can't have babies. And she testified in court to that, and the court accepted that she said was true, what he said was true. So with a presumed credibility, and presuming everything is true, if he tells the judge, if I go back, I will be sterilized, I mean, there's no issue. That is a well-founded fear. And a 10% chance of well-founded fear, based on Cardozo, I mean, it should be, at the very least, a finding that he has a well-founded fear of persecution. Would we send that back, or we would just simply conclude that, since the IJ found his testimony credible, that that, in fact, is the basis for a well-founded fear of future persecution, and that's the end of the story? I think you could, because for one child policy course of population control cases, I think the court can grant asylum, unlike other cases. But this case, you could do that. Yes, that is true. Thank you, counsel. Thank you, Judge. So what's wrong with the petitioner's argument? I'm sorry, first give your name. May it please the court, my name is Jennifer Singer, and I represent the United States Attorney General, the respondent in this matter. I would say all the things are wrong with his argument. That the witness was credible? The parties agree that the Pre-Real ID Act governs in this case, but even though his testimony was taken as credible, doesn't mean that everything he says legally is what's going to happen. Whether there is a well-founded fear or not is a legal conclusion. OK, so his story is correct. We can start from there. And what's wrong with the legal conclusion? The legal conclusion is that the petitioner did not establish an objectively reasonable well-founded fear of persecution upon return. First of all, the immigration judge and the board both found that there were no concrete steps taken to effectuate the threat of sterilization that was made against him. Well, the police came and looked for him each year, right? He did testify to that, and yes. He had visits from party planning officials, but that is not a concrete step. Something concrete would be more along the lines of a- Well, he was in hiding as well, so. He was in hiding, but being in hiding still doesn't negate the fact that during that five-year period in which he was in hiding, still nothing happened to sterilize him. There was no warrant issue for his arrest. So you would want to see evidence that they were out searching the neighborhood and searching the surrounding towns. Just something in addition to just- Hunting him down so they could sterilize him. Not even necessarily hunting, but something more than just an idle threat, because what it is now is just an idle threat. There was no warrant. And coming and looking for him. I would still suggest that there was something more. It's still not concrete enough. No warrant, you said? I'm trying to give examples of something that we would consider, perhaps, concrete, a warrant issued for his arrest. In China, they don't make arrests without warrants? They could. But in other cases, the board has found it significant that there was a warrant issued for someone's arrest. There was no written notification that petitioner needed to submit for sterilization on such and such a day. This was only a verbal threat that was made against him. And all they need is a 10% chance, correct? That's correct. And they've said they're going to do it. They've told them they're going to do it. They come and look for him. But they don't have a written warrant? So there's not a 10% chance that they will do it when he comes back? No, there's not a 10% chance. In the five-year period during which he was in hiding, yes, they knocked on his parents' door asking where he was. But during that five-year period, the fact remains that nothing happened other than just an idle threat. Well, that's just because they didn't catch him. The family planner told his mother that when he returned, he would be sterilized, in quotes, for sure, in quotes. They looked for him for six years. That's pretty persistent. Doesn't the government have a problem here? I mean, if there were a question about this man's credibility, which there's not in this case, that would be one thing. But this is not the United States. I find it unusual the government is taking this position. This is six years looking for somebody, continually going back. That's pretty persistent. This is a country filled with literally billions of people, and they were focused enough that they kept coming back, and they told his mother that if he did come back, he would be sterilized for sure. What more do you need to establish a reasonable fear of future persecution? I would argue something a little bit more than just simply knocking on the door, asking where he is. But what do you need? What more would be needed? Some kind of warrant or some kind of written notification saying, please submit on such and such a date or more active searching other than just knocking on the door. That's not the Chinese system, is it? Do you have any evidence that in the Chinese system that a warrant is required to detain somebody in connection with family planning measures? No, but in my brief, I do mention certain cases in which the board found it significant that there was a warrant issued for the person's arrest or there was not a warrant issued for the person's arrest. In China, yes. I wish I could name the case. What are you talking about? It's an unpublished case. I mentioned it in my. It won't help you. I mentioned it in my. But it's just an example of things that would be more concrete to make the threat more reasonable. And the well-founded fear standard is a legal conclusion. So simply because he says this will or will not happen doesn't necessarily. I think we understand that. The question really is, do these facts, I don't think there's much of a disagreement between you. It's only a question of whether the facts show that there's a 10% chance that he would be persecuted if he went back, meaning that he would be sterilized. And that's a legal conclusion, as you say. And I would argue that another fact goes against the reasonableness of that contention that he will be sterilized. And that's the fact, which the board also relied upon, that his wife remained in China unharmed. She was also in hiding with Petitioner for those five years, and nothing happened to her. And then after Petitioner left in 2004, she came out of hiding, moved back to the official residence, lived openly, and was not sterilized. Well, the explanation is good Chinese women don't get pregnant when their husbands are gone. That is, and. That may or may not be the same as in our society. And Petitioner did make that explanation. But the board was not required to accept that explanation as true. That was just his speculation on his part. And when there's other facts in the record to support an equally permissible conclusion that the Petitioner's wife just simply wasn't sterilized because the authorities were just not going to do it, then that's also a reasonable inference from the factual record. Didn't he justify that she had suffered an abortion and that they had fitted her with an IUD? Yes, that's correct. And that would also go in the government's favor because she was always the target of sterilization. She was inserted with an IUD. She was forced to have an abortion. She was forced to have checkups. She was always the target of the family planning policy. So the fact that she lived openly unharmed goes to the fact that Petitioner's fear of sterilization is not objectively reasonable. Okay, thank you, Counsel. I think the issues are quite clear. There's no other questions? Thank you, Your Honors. You can have a minute if you want, but I think it's really pretty well laid out on both sides. All right, Judge, I appreciate it. Thank you very much. Case just arguably submitted.
judges: Reinhardt, Paez, M. Smith